Martin *vs.* Philips.

---

No 26.—John L. Martin, plaintiff in error, *vs.* Nathan Philips, defendant in error.

| 4 | 203 |
|---|---|
| 116 | 882 |

[1.] Where there was a good and legal cause of action set forth in the plaintiff's declaration, and on the appeal trial, after the case had been submitted to the jury, a motion was made to nonsuit the plaintiff, on the ground of variance between the averments in his declaration and the proof—*Held,* that the plaintiff was entitled to *amend,* under the provisions of the Act of 1818, and the rules of Court, especially as his cause of action would have been barred by the statute of limitations.

Rule to set aside nonsuit. From Monroe Superior Court,

September Term, 1847.   Heard and overruled in the Court be-
low—Judge Floyd presiding.

The plaintiff in error brought an action on the case against de-
fendant, for suing out against him a vexatious injunction, without
reasonable or probable cause, by which the plaintiff and one
Samuel W. Langston were enjoined, under the penalty of two
thousand dollars, from further prosecuting a certain execution in
favor of Langston against the plaintiff, levied upon certain undi-
vided halves of certain lots of land specified, in consequence of
which, the sale of said land was prevented for the space of twelve
months, and had, by the delay, depreciated in value, &c.   The
bill was for partition, and was dismissed upon demurrer.

The action had been pending in the Court below until it would
have been barred by the statute of Limitations, if nonsuited or
dismissed.

Upon the trial on the appeal, after the plaintiff closed, a motion
for nonsuit was made, upon the ground of variance between the
allegations and proof, in this, that the number of one of the lots of
land embraced in the injunction was omitted in the declaration.
This appearing, upon the inspection of the papers, the counsel for
the plaintiff moved for leave to withdraw the case from the jury,
and to amend the declaration.

The motion was refused, and the counsel for the plaintiff ex-
cepted.

The plaintiff's counsel then moved to set aside the nonsuit and
reinstate the case, which was also overruled by the Court below,
and the counsel for the plaintiff excepted.

McDONALD & STARKE, for the plaintiff in error.

This was an action for the recovering of damages for a vexa-
tious suit.   The vexatious suit complained of was a proceeding in
Chancery, instituted by the defendant in the above action against
the plaintiff, in which an injunction was obtained, by the opera-
tion of which the plaintiff was subjected to a heavy loss.   In set-
ting out the proceeding in Chancery, the plaintiff's counsel omit-
ted, in his declaration, a tract of land embraced by the bill.
When the plaintiff closed, defendant's counsel moved for a non-
suit, on the ground that the plaintiff had not sustained his case by

Martin *vs.* Philips.

the proof, and that his damage, if he were damnified, had arisen from his having been injured in respect to the tract of land not embraced in the declaration. Plaintiff's counsel moved to amend instanter, and also moved to continue the case that he might amend his declaration, which motions were respectively over-ruled by the Court. On looking into the record, it will be per-ceived that at the time of the trial the plaintiff's demand was barred by the statute of Limitations.

The ground of the plaintiff's action was the vexatious proceed-ing in Chancery. That was the cause of action. The misdescrip-tion of the proceeding in Chancery was the ground of nonsuit. There was no proposition to introduce a new and substantive cause of action, which the defendant had not been called on to de-fend against. It was the identical cause of action. The defend-ant had all the notice requisite for making his defence. The rules and the law authorizing the making of amendments to de-clarations and answers, are intended to further the purposes of justice. For this object great latitude has been allowed. On the entering of an appeal or the continuance of a cause, by the rules of the Superior Courts, a party, as a matter of right, may make an amendment. *Rules* 4, 5 *and* 54 *of Common Law.* By the 54th rule, the declaration or answer may be amended, on the appeal, in matters of substance, at the discretion of the Court. In no place is it laid down or made a ground to refuse an amendment, that it is owing to the fault of the party or pleader that an amend-ment is necessary. In fact, it is almost impossible to conceive a case in which it is necessary to amend, that it is not, in some de-gree, the fault of the party or pleader that gives rise to the neces-sity. The discretion of the Court, as mentioned in the rule, is not a capricious or whimsical discretion, but a sound and legal dis-cretion, that will promote justice while it sacrifices no rights of parties. The case under discussion may be instanced to illustrate the position. The plaintiff sues for damages, to which he has been subjected by a most oppressive proceeding. The counsel, in making out the declaration, misrecites the record. There is no mistake, nor can the defendant be possibly misled in respect to the vexatious suit, which is the ground of the action. He is served with process, and therefore notified of the cause of action. He does appear and defend. The misrecital appearing, on the motion for a nonsuit, the plaintiff moves to amend his declaration

to cure this defect. He does not propose to add a count or introduce a new and substantive and distinct cause of action, which would be unjust to the defendant, but to amend the defective declaration, save the great expense and trouble of a new suit to both plaintiff and defendant, which would promote justice, while the rights of the defendant could not, in the slightest degree, be prejudiced. But granting that the Court's interpretation of the rules of Court be correct, and that he had authority under the rules to exercise a capricious discretion, without reference to its effect upon the rights of the parties, I contend that the statute relative to amendments must prevail over the rule, and that the statute gives the judge no discretion, but is imperative on him. The Act of 1818 is explicit, and it appears to me, conclusive on this point. The preamble explains the object to be to enable parties to have a speedy judicial decision—without delay and with as little cost as practicable—and that the small omissions of parties, Sheriffs and Clerks, not affecting the real merits of the cause, should, in all cases substantially set out, be amended on motion, without delay or cost. The enacting clause authorizes amendments to be made in all cases where there is a good and legal cause of action set out. *Prince*, 442. The party may, in such case, amend without delay or additional costs. It is his right, and, under the statute, the Court has no *discretion to refuse it*.

But the Courts, in furtherance of justice, will, in all cases, allow amendments, and that the statute of Limitations will run against a cause of action before the Court, has been held a sufficient reason for allowing an amendment. 1 *Gullison's C. C. Rep.* 123.

In the present case, the statute presents a bar to any new action that may be commenced.

KING & GORDON, and PINCKARD, for defendant in error.

*By the Court*—WARNER, J. delivering the opinion.

The plaintiff in the Court below made a motion to amend his declaration, so as to prevent a nonsuit on the ground of variance between his declaration and evidence, after the case had been submitted to the jury on the appeal. The number of one of the lots of land embraced in the injunction was omitted in the

Martin *vs.* Philips.

declaration, and the plaintiff's motion was to amend his declaration by inserting therein the number of the lot of land so omitted to be stated. It is admitted there was a good and legal cause of action set forth in the declaration; but the *entire* cause of action was *defectively* set forth.

[1.] The 1st section of the Act of 1818 declares, " that in every case, where there is a good and legal cause of action plainly and distinctly set forth in the petition, and there is in substance a copy served on the defendant or defendants, or left at their most notorious place of abode, every other objection shall be *amended, on motion, without delay or additional costs."* The second section provides, that " no nonsuit shall be awarded, when the cause of action is substantially set forth in the declaration, *for any formal variance between the allegation and proof.* *Prince's Dig.* 442. The preamble to this act seems to contemplate the omissions of the *parties,* as well as the officers of the Court. The twenty-first Common Law rule of practice authorizes an amendment of the declaration in matters of substance, after the case has gone to the jury on the appeal trial, at the discretion of the Court. *Hotch-. kiss' Dig.* 950. This rule was intended to give a *practical* effect to the expressed will of the Legislature, as manifested by the Act of 1818, and the preamble to that Act. Amendments should always be allowed in furtherance of justice, which, as a general rule, will be left to the discretion of the Court, to which the application is made ; and if the refusal of the amendment in this case had produced no other result than to have compelled the party to submit to a nonsuit, pay costs, and institute a new action for the recovery of his rights, in consequence of his omission, perhaps we should not have thought it our duty to have interfered with that discretion ; although we are of the opinion the intention of the Legislature would have been more fully carried out by allowing the amendment. But the facts in this case, as disclosed by the record, show that the refusal to allow the amendment was a virtual denial of the plaintiff's right to recover damages from the defendant; for, as the law then stood, the plaintiff's right to commence another suit was *barred by the statute of Limitations.* In this view of the case, we are of the opinion the amendment should have been allowed. *Tidd's Practice,* 653.

Let the judgment of the Court below be reversed.